IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 3:25-cr-10 (TES) |
| | : | |
| GREGORY ROBINSON, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER ON MOTION FOR RECONSIDERATION OF DETENTION**

On September 17, 2025, following a hearing pursuant to 18 U.S.C. § 3142(f)(1), the Court entered an order that Defendant be detained pending trial. (Doc. 300). Defendant has since filed an "Appeal of Order of Detention and Motion to Set Bond." (Doc. 330). Because Defendant's motion cites 18 U.S.C. § 3142 rather than 18 U.S.C. § 3145 and presents new information to warrant reconsideration of detention, the motion is construed as a motion to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f), which provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

As new information, the motion represents that since the time of the detention hearing, two previously pending State cases in the Superior Court of Athens-Clarke County have been dismissed in light of this federal prosecution. The motion further represents that Defendant's father passed away while Defendant has been in custody. This new evidence does not substantially alter the findings made by the Court during the original proceedings on September 17, 2025, and provides no basis for reconsideration of the original decision. The primary basis for the Court's decision was the Defendant's record of continuing to engage in drug distribution activities while subject to pretrial release on state charges. The evidence presented by the Government indicated that Defendant possessed and distributed substantial amounts of cocaine and fentanyl while possessing numerous firearms on at least two separate occasions, when he was

already subject to conditions of release and supervision by a State court. Based on that record of persistent and significant drug distribution and firearm possession while subject to the supervision of another court, this Court found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person or the community. Those findings are not altered by the new facts presented in Defendant's motion. Accordingly, Defendant's "Appeal of Order of Detention and Motion to Set Bond" (Doc. 330) is **DENIED**.

    **SO ORDERED**, this the 18th day of November, 2024.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge