IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY IKEEM ROBINSON,<br><br>*Defendant.* | CRIMINAL ACTION NOS.<br>3:25-cr-00010-TES-CHW-9 |

**ORDER**

On November 17, 2025, Defendant Gregory Robinson filed an Appeal of Order of Detention and Motion to Set Bond ("Motion") [Doc. 330] appealing the Order of Detention Pending Trial [Doc. 300] entered by the United States Magistrate Judge on September 18, 2025. In his Motion, Defendant asks the Court to "reconsider the detention order and permit him to be heard on the issue of bond again." [Doc. 330, p. 2]. Furthermore, Defendant asserts that "[g]iven the nature of the offenses with which he is charged and the circumstances of the case, release with conditions is appropriate" and that he is "willing to comply with any conditions the Court deems appropriate for release." [*Id.* at p. 3]. After conducting an independent de novo review and holding another evidentiary hearing, the Court **ADOPTS** the findings of fact and conclusions of law of the United States Magistrate Judge Charles H. Weigle and **ADOPTS** Judge Weigle's pretrial release order.

## FACTUAL BACKGROUND

On September 11, 2025, the Grand Jury returned a Superseding Indictment [Doc. 295] charging Defendant with Conspiracy to Distribute Controlled Substances (Count 1) in violation of Title 21, U.S.C. § 846, in connection with Title 21, U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and (b)(1)(A)(viii); Possession with Intent to Distribute Cocaine (Count 12) in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(C), and Title 18, U.S.C. § 2; Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 13) in violation of Title 18, U.S.C. § 924(c)(1)(A)(i) and Title 18, U.S.C. § 2; Distribution of Fentanyl (Count 18) in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), and Title 18 U.S.C. § 2; Possession with Intent to Distribute Fentanyl (Count 19) in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), and Title 18, U.S.C. § 2; Possession with Intent to Distribute Cocaine (Count Twenty) in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(C), and Title 18, U.S.C. § 2; Possession with Intent to Distribute Oxycodone (Count Twenty-One) in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(C), and Title 18, U.S.C. § 2; Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Twenty-Two) in violation of Title 18, U.S.C. §§ 924(c)(1)(A)(i) and Title 18 § 2; Maintaining Drug Involved Premises (Count Twenty-Three) in violation of Title 21, U.S.C. § 856(a)(1) and Title 18, U.S.C. § 2. *See generally* [Doc. 295].

On September 17, 2025, Defendant's detention hearing was held before Judge Weigle. After hearing the evidence and arguments from the parties, Judge Weigle found

by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. In his Order, Judge Weigle concluded that "[c]lear and convincing evidence presented by the Government indicates that Defendant committed the offenses in Counts 18, 19, 20, 21, 22, and 23 of the indictment—distributing and possessing with intent to distribute substantial amounts of cocaine and fentanyl while possessing numerous firearms on two separate occasions—while he was already subject to conditions of pretrial release on state charges related to Counts 12 and 13 of the indictment." [Doc. 300, p. 3].

## STANDARD OF REVIEW

In conducting its de novo review regarding the appropriateness of pretrial detention, the district court is not required to hold a hearing, and the court may explicitly adopt the findings and conclusions of the magistrate, or the court may decide that additional evidence is required and conduct an independent hearing. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).

## DISCUSSION

After careful consideration of Defendant's Motion and the argument held during the Court's hearing on November 18, 2025, the Court finds that Judge Weigle's factual findings were substantially supported by the evidence presented at the detention hearing and that his legal conclusions, in light of the evidence and information presented, are correct.

The Bail Reform Act, which governs the pretrial release or detention of defendants, creates a rebuttable presumption in favor of releasing defendants on bond pending trial, except for certain offenses where the presumption is against release:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . [a federal drug offense] for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq*.).

18 U.S.C. § 3142(e)(3)(A). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990) (citing *United States v. Hurtado*, 770 F.2d 1467, 1479 (11th Cir. 1985)). In a case where the statutory presumption is against release, the defendant then must satisfy the burden of producing evidence to rebut the presumption. *Id.*; *see also Hurtado*, 770 F.2d at 1470 n.4 ("Once the [G]overnment establishes probable cause it becomes the task of the defendant to come forward with some quantum of evidence contrary to the fact presumed by the statute."). If the evidence presented by the defendant is sufficient to rebut the statutory presumption, the presumption, "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to the factors listed in Section 3142(g)." *King*, 849 F.2d at 488. Those factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant,

4

including the defendant's family and community ties, employment and financial resources, and criminal history; and (4) the nature and seriousness of the danger posed by the defendant to any person or the community. 18 U.S.C. § 3142(g). The burden of persuasion remains with the Government to show either by a preponderance of the evidence that the defendant poses a risk of flight and that no condition or combination of conditions will reasonably assure the defendant's presence at future court proceedings or by clear and convincing evidence that the defendant poses a danger to the community. *Quartermaine*, 913 F.3d at 917.

      Here, Judge Weigle correctly determined that there is no set of conditions that would reasonably assure the safety of others and the community. It is true that at the time of Defendant's detention hearing, Defendant was also facing related state charges in two separate state cases before the Superior Court of Clarke County, Georgia. It is also true that since the detention hearing, both of those cases have since been dismissed considering his federal prosecution. However, this does not change the fact that while Defendant was subject to conditions of pretrial release in connection with the state charges, Defendant violated those conditions and allegedly continued to sell illegal narcotics and possess firearms. In sum, Defendant was already given a bond and failed to abide by the most basic terms of pretrial release. The Court is not convinced that Defendant would adhere to any terms of release if given a second opportunity to do so. Everything considered, there is simply no basis to reject Judge Weigle's pretrial

detention order. Summarily, the Court agrees with and adopts the factual and legal conclusions of the United States Magistrate Judge.

## CONCLUSION

The Court's independent review of the record confirms that additional evidence would not affect the validity of the magistrate judge's findings and conclusions. Accordingly, the Court **DENIES** Defendant's Appeal of Order of Detention and Motion to Set Bond [Doc. 330] and **ADOPTS** the United States Magistrate Judge's Order of Detention Pending Trial [Doc. 300] as its own.

**SO ORDERED**, this 18th day of November 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JJUDGE**
