**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CASE NO. 3:25-CR-10 (TES)** |
| **GREGORY ROBINSON** | : | |
| **Defendant** | : | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on July 8, 2026, Defendant Gregory Robinson (hereinafter "Robinson" or "Defendant"), was found guilty by a jury as to Counts One, Eighteen, Nineteen, Twenty-One, and Twenty-Three of the Superseding Indictment charging him with Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(v), and 841(b)(1)(A)(viii); Distribution of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi); Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi); Possession with Intent to Distribute Oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and Maintaining Drug Involved Premises, in violation of Title 21, United States Code, Section 856(a)(1);

AND WHEREAS, the Superseding Indictment contained a generic Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 21, United States

Code, Section 853, of any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s);

AND WHEREAS, on February 11, 2026, the United States filed a Notice of Bill of Particulars for Forfeiture of Property as to the Superseding Indictment, giving the Defendant notice that upon conviction of the offense(s) set forth in the Superseding Indictment, the Defendant, shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of the offense(s), including, but not limited to the following:

**CURRENCY**

A. Ten thousand, eight hundred thirty-eight dollars ($10,838.00) in United States currency; and

B. Eight thousand, three hundred ninety-seven dollars ($8,397.00) in United States currency.

**FIREARMS/AMMUNITION**

A. One (1) Glock, Model: 17, 9mm pistol, Serial Number: BFEP291;

B. One (1) Glock 17 magazine;

C. Sixteen (16) rounds of 9mm ammunition;

D. One (1) SCCY, Model: CPX-1, 9mm pistol, Serial Number: 414205;

E. One (1) SCCY CPX-1 magazine;

F. Two (2) rounds of 9mm ammunition;

G. One (1) Raven Arms, Model: MP-25, .25 caliber pistol, Serial Number: 1419309;

H. One (1) Raven Arms MP-25 magazine;

I. One (1) Glock, Model: 19 Gen 5, 9mm pistol, Serial Number: BTCZ488; and

J. One (1) Smith & Wesson, Model: M&P Bodyguard, .380 caliber pistol, Serial Number: KHX1868.

AND WHEREAS, the United States has filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture seeking the forfeiture of the following property: ten thousand, eight hundred thirty-eight dollars ($10,838.00) in United States currency (hereinafter referred to as the "subject property");

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the subject property; (2) that the property is subject to forfeiture pursuant to 21 U.S.C. § 853; and (3) that the United States has established the requisite nexus between the aforesaid offense(s) and the subject property.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the subject property and the offense(s) of conviction and the subject property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or his designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

4. Any person, other than the above-named Defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

5. **Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 3rd day of September, 2026.

s/Tilman E. Self, III
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

WILLIAM R. KEYES
UNITED STATES ATTORNEY

*/s/ Julius J. Jefferson*
JULIUS J. JEFFERSON
Texas Bar Number 24087797
Assistant United States Attorney